Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **WILLIAM GUZMAN COLÓN**<br><br>Peticionario<br><br><br>**v.**<br><br><br>**MARALIZ RIVERA ORTÍZ**<br><br>Recurrida | KLCE202500330 | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>**KDI2018-0704**<br>**Salón 701**<br><br>Sobre:<br>**DIVORCIO**<br>**(Custodia)** |

Panel integrado por su presidenta la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

### RESOLUCION

En San Juan, Puerto Rico, a 13 de mayo de 2025.

Comparece ante nos, William Guzmán Colón, en adelante, Guzmán Colón o peticionario, solicitando que revisemos la *"Resolución"* del Tribunal de Primera Instancia, Sala Superior de San Juan, en adelante, TPI-SJ, notificada el 12 de marzo de 2025. En la misma, el Foro Recurrido declaró *"No Ha Lugar"* la solicitud de reanudación de custodia compartida del peticionario.

Por los fundamentos que expondremos a continuación, *denegamos* expedir el recurso.

### I.

Según los hechos alegados en la petición de autos, el peticionario contrajo matrimonio con Maraliz Rivera Ortiz, en adelante, Rivera Ortiz o recurrida, en el año 2010, luego de procrear a la menor de edad I.G.R. Además, aduce que en el año 2014 las partes se divorciaron. Según las alegaciones del peticionario, las partes han enfrentado varias controversias judiciales, respecto a I.G.R., y la custodia de esta.

Número Identificador
RES2025 _____

El 16 de septiembre de 2022, Guzmán Colón solicitó al TPI-SJ que refiriera su caso a una evaluación de enajenación parental.[1] El 16 de noviembre de 2022 el Foro Recurrido celebró una vista mediante videoconferencia.[2] A la misma comparecieron las partes con sus representantes legales y el Doctor Demy Arturo de Jesús, como perito de la parte peticionaria. Por su parte, la recurrida alegó que la misma no fue notificada, mientras que la abogada de Guzmán Colón sostuvo que la prueba había sido anunciada.

El Foro Primario concluyó que la vista no era de naturaleza evidenciaria, y que las alegaciones deben ser referidas a la Unidad Social del Centro Judicial de San Juan, en adelante, Unidad Social, para investigación. El TPI-SJ le concedió diez (10) días a las partes para fundamentar por qué el caso debía ser referido a la Unidad Social, o si debía ser remitido a una investigación privada.

Luego de algunas instancias procesales, el 15 de febrero de 2023, el TPI-SJ emitió una *"Orden a la Unidad Social"*, para la realización de un estudio social en un término de sesenta (60) días, sobre custodia y enajenación parental.[3]

Así las cosas, el 5 de septiembre de 2023, la Unidad Social presentó su Informe Social Forense.[4] En el mismo, recomendó que la custodia de I.G.R. fuera compartida entre las partes. El 7 de septiembre de 2023, el TPI-SJ emitió una *"Orden"* para que las partes se expresaran con respecto al mismo.[5] Mediante moción del 26 de septiembre de 2023, Rivera Ortiz anunció su intención de impugnar el mismo.[6] Por su parte, Guzmán Colón, mediante moción del 17 de noviembre de 2023, se allanó al informe.[7]

---

[1] Apéndice del recurso, pág. 6.
[2] *Id.*, pág. 12.
[3] *Id.*, pág. 38.
[4] *Id.*, pág. 42.
[5] *Id.*, pág. 40.
[6] *Id.*, pág. 88.
[7] *Id.*, pág. 92.

Luego de varias instancias procesales, el Foro Recurrido emitió una *"Resolución"* el 30 de julio de 2024, en la cual desestimó el proceso de impugnación del Informe Forense de la Unidad Social, por el incumplimiento de Rivera Ortiz con las órdenes del Foro Primario.[8] Por ello, se sostuvo la recomendación de custodia compartida.

Ahora bien, alega el peticionario que el 17 de enero de 2025, la recurrida se negó a entregarle a I.G.R., y el 23 de enero de 2025, esta presentó una *"Urgente Moción Sobre Sentir de la Menor"*.[9] En la misma, solicitó al TPI-SJ que entrevistara a I.G.R., ya que esta no desea irse con el peticionario, conforme a los arreglos de la custodia compartida. En consecución, el TPI-SJ señaló una Vista Evidenciaria para el 5 de febrero de 2025, y al 6 de febrero de 2025 para entrevistar a I.G.R.[10] En la Vista Evidenciara entre las partes, el TPI-SJ escuchó a las partes. Al día siguiente, entrevistó a I.G.R.[11]

Así las cosas, el 10 de febrero de 2025, el Foro Primario celebró otra vista con las partes, en la que interrumpió la custodia compartida de I.G.R.[12] Por ello, el 21 de febrero de 2025, el peticionario radicó ante el TPI-SJ una *"Urgentísima Moción Solicitando se Reinstale la Custodia Compartida"*.[13] Sin embargo, el 12 de marzo de 2025, el Foro Recurrido emitió una "Resolución" en la que declaró *"No Ha Lugar"* la solicitud de Guzmán Colón, y refirió el caso a la Unidad Social para hacer recomendaciones provisionales sobre el plan filial mientras se completaba el estudio social.[14]

---

[8] Apéndice del recurso, pág. 94.
[9] *Id.*, pág. 99.
[10] *Id.*, pág. 108.
[11] *Id.*, pág. 114.
[12] *Id.*, pág. 117.
[13] *Id.*, pág. 115.
[14] *Id.*, pág. 1.

Inconforme, el 1 de abril de 2025, Guzmán Colón presentó ante nos una *"Moción en Solicitud de Auxilio de Jurisdicción"*. En la misma, solicitó que restauráramos el acuerdo original de custodia compartida. Además, ese mismo día radicó un *"Recurso de Certiorari"*, en el que presentó los siguientes señalamientos de error:

PRIMER ERROR**: Erró y abusó de su discreción el TPI al emitir una <u>Resolución</u> dejando sin efecto la custodia compartida de la menor sin fijar relaciones paterno filiales privando al peticionario de relacionarse con su hija en violación a sus derechos constitucionales y sin el debido proceso de ley.**

SEGUNDO ERROR: **Erró y abusó de su discreción el TPI al emitir una <u>Resolución</u> basada en un informe social del 5 de marzo de 2023 cuando éste había prohibido la presentación de prueba previa al 25 de enero de 2025 en violación al debido proceso de ley que asiste al peticionario.**

TERCER ERROR: **Erró en la apreciación de la prueba y abusó de su discreción el TPI al emitir una <u>Resolución</u> basada en un informe social del 5 de marzo de 2023 sin permitir al peticionario confrontar a la trabajadora social que preparó el mismo en violación al debido proceso de ley y cuando previamente se habían acogido las recomendaciones de dicho informe manteniendo la custodia compartida en semanas alternas.**

Mediante *"Resolución"* del 1 de abril de 2025, declaramos *"No Ha Lugar"* la solicitud en auxilio de jurisdicción. Además, concedimos a la parte recurrida hasta el 21 de abril de 2025, para presentar su posición con relación al recurso. Ese mismo día, en cumplimiento de orden, Rivera Ortiz presentó su *"Oposición a Certiorari"*.

Perfeccionado el recurso ante nos, procedemos a expresarnos.

**II.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174-175 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, ***en casos de relaciones de familia***, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en

*casos de relaciones de familia* o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Mun. De Caguas v. JRO Construction,* 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, supra, el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 209; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, funge como complemento a la Regla 52.1 de Procedimiento Civil, supra. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
>> (A)   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>>
>> (B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.
>>
>> (C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>>
>> (D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.
*BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023)

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Finalmente, precisa señalar que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen, cuya revisión se solicitó, ni constituye una adjudicación en sus méritos. Al contrario, responde a la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martinez v. Torres Ghigliotty*, supra, pág. 98.

### III.

Ante nos, comparece Guzmán Colón solicitando que revoquemos la determinación del TPI-SJ de suspender la custodia compartida que tenía, junto a Rivera Ortiz, sobre su hija I.G.R. Alega, en su recurso, que el Foro Primario abusó de su discreción al suspender las mismas, y violó los derechos constitucionales que como padre le revisten. Arguye, a su vez, que el Foro Recurrido actuó contrario al debido proceso de Ley.

Este Tribunal ha evaluado la solicitud de epígrafe, así como la normativa que encausa la controversia presentada, y no colegimos abuso de discreción por parte del TPI-SJ. Luego de un examen sosegado del expediente ante nos, y conforme a la norma que nos obliga a determinar nuestra facultad de evaluar el recurso de epígrafe, *denegamos* la expedición del *certiorari.*

Según lo dispuesto en la Regla 52.1 de Procedimiento Civil, supra, y los criterios evaluativos de la Regla 40 de nuestro Reglamento, supra, ejercemos nuestra discreción al respecto y declinamos entrar en los méritos de la polémica ante nos.

### IV.

Por los fundamentos que anteceden, *denegamos expedir el recurso de certiorari solicitado.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones